UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dustin Gregory Martin, # 361, | ) C/A No. 6:13-335-TMC-JDA |
|                 Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Magistrate Judge Michael O'Brien, and Sargent Lewis, of the Greenville County Detention Center, Public Safety, | ) |
|                 Defendants. | ) |

This is a civil action filed *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Dustin Gregory Martin ("Plaintiff") is a pre-trial detainee in Greenville County, South Carolina who alleges that his constitutional rights were violated by Defendant judge when he ordered that Plaintiff be placed "on hold" for three days in the detention center. (ECF No. 1, Compl. 3). Plaintiff does not describe what "on hold" entails, but, apparently, it is a form of restricted incarceration similar to "lock down" during which most, if not all, privileges such as telephone use and visitation are denied to the affected prisoner. According to Plaintiff, the judge's order was entered without "due process" and was part of the judge's using his office as "an investigating arm of law enforcement" and trying to force plea bargains. *Id*.

Plaintiff does not provide facts describing how the hold was instituted by the judge, what was said, who was present, or any other type of factual support for his statement that "due process" was denied.

Plaintiff also alleges that Defendant Lewis, the Director of the Greenville County Detention Center ignored his grievances and made him stay "on hold" for twenty-three more days than ordered by the judge. *Id*. With regard to this Defendant, Plaintiff alleges that she "neglected her duties" when she did not respond to his grievances and did not release him from hold immediately after the three-day period ordered by the judge.

Plaintiff seeks "punitive damages" in the amount of $ 100, 000.00 and an order telling the magistrate to stop being an arm of law enforcement. *Id*. at 4.

## **INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007).

2

When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

To the extent that Plaintiff seeks damages from Judge O'Brien, his suit is barred by the doctrine of judicial immunity. As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave

procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). The judge's order that Plaintiff be placed "on hold" appears to have been issued in connection with the exercise of his judicial duties in Plaintiff's criminal case, and, therefore, it is the type of action covered and protected by the judicial immunity doctrine.

Furthermore, if Plaintiff's Complaint could be liberally construed as seeking injunctive relief against Judge O'Brien, such claim is barred by 42 U.S.C. § 1984, which states in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable*.

*Id.* (emphasis added). Because there is no declaratory decree involved in this case or in Plaintiff's state criminal case, any claim for injunctive relief against this judicial officer is

statutorily barred. *Catanzaro v. Cottone*, 228 Fed. Appx. 164 (3d Cir. April 5, 2007); *Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342 (11th Cir. Jan 31 ,2007).

Additionally, Plaintiff's Complaint is subject to summary dismissal without service of process because it fails to state a claim against the only remaining Defendant, Sargent Lewis, which this court may consider under its federal question jurisdiction, *see* 28 U.S.C. § 1331, or its diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff's allegations against Sargent Lewis sound in negligence in that he alleges that she "neglected her duties" in connection with the matters complained about. (ECF No. 1, Compl. 3). Negligence is a common-law tort and is considered a state-law-based claim, not a federal cause of action. *See, e.g.*, *Bloom v. Ravoira*, 529 S.E.2d 710 (S.C. 2000)(negligence considered in state court); *Howard v. S. C. Dept. of Highways*, 538 S.E.2d 291 (S.C. Ct. App.2000)(property loss and damage by negligence is recoverable in state court). Federal actions for damages against state actors pursuant to 28 U.S.C. § 1983[1] do not impose liability for violations of duties of care (such as those involved in negligence actions) arising under state law. *See DeShaney v. Winnebage County Dep't of Social Servs.*, 489 U.S. 189, 200-03 (1989). Although this court could consider a negligence action with $75,000.00 in controversy between citizens of different states under its diversity jurisdiction, *see Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D. S.C. 1992), both Plaintiff and

---

[1]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). No other potentially viable bases for the exercise of this court subject matter jurisdiction over Plaintiff's allegations are evident from the face of the Complaint.

Sargent Lewis appear to be citizens of South Carolina. Under these circumstances, diversity jurisdiction is not available in this case.

Finally, Plaintiff's allegations that his constitutional rights were violated when Sargent Lewis failed to respond to his grievances about being kept "on hold" for so long do not state a viable § 1983 federal claim against her. It is well settled that prison inmates, including pre-trial detainees, have no federal constitutional right to have *any* inmate grievance system in operation at the place where they are incarcerated. *See*, *e.g.*, *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988); *Brown v. Dodson*, 863 F. Supp. 284, 285 (W.D. Va. 1994). Furthermore, simply because a state or local authority chooses to establish an inmate grievance system, that choice does not confer any substantive constitutional right on the prison inmates or pre-trial detainees. *See Mann*. As a result, even if corrections officials fail to properly apply an inmate grievance procedure, as Plaintiff contends is the case in Greenville County, such failure is not actionable under § 1983. *See Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo.1986); *Azeez v. DeRobertis*, 568 F.Supp. 8, 9-11 (N.D. Ill. 1982).

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine

whether they are subject to summary dismissal).

    Plaintiff's attention is directed to the important notice on the next page.

                                        s/Jacquelyn D. Austin
                                        United States Magistrate Judge

February 21, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**300 E. Washington Street, Rm. 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).