IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Dustin Gregory Martin, | ) | |
| | ) | C/A No. 6:13-335-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Magistrate Judge Michael O'Brien, and | ) | |
| Sargent Lewis of the Greenville County | ) | |
| Detention Center, Public Safety, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, Dustin Gregory Martin ("Plaintiff"), a state prisoner proceeding *pro se* brings this action under 42 U.S.C. § 1983.  Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915.

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(d), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge.[1]  On February 21, 2013, Magistrate Judge Jacquelyn D. Austin issued a Report and Recommendation ("Report") recommending that the Complaint be dismissed without prejudice.  (Dkt. No. 10).  The Magistrate Judge provided Plaintiff a notice advising him of his right to file objections to the Report. (Dkt. No. 10 at 8).   Plaintiff filed objections to the Magistrate Judge's Report on March 1, 2013.  (Dkt. No. 12).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court

---

[1] The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Magistrate Judge recommended that the Plaintiff's Complaint be dismissed without prejudice. As noted above, Plaintiff filed objections to the Report which the Court has carefully reviewed.

In his objections, Plaintiff contends that the Magistrate Judge did not properly construe the phrase "on hold" as set forth in his Complaint. The Magistrate Judge construed "on hold" to be a type of administrative segregation. (Report at 1). Plaintiff argues he is raising claims about not being released from custody. (Objections at 1). Specifically, he states that the state magistrate Defendant Michael O'Brien placed a hold on him which prevented him from being released on bond. *Id*. He contends that

> The Question is did Judge O'Brien have a sworn statement or affidavit from (sic) investigator, or was this done as a mere favor for law enforcement personel (sic) to have time to fabricate a case, or have time to prepare probable cause for an arrest?

(Objections at 2). He also notes that he did not intend to raise a claim for damages against Defendant Judge O'Brien; he is seeking damages against only the Defendant Greenville County Detention Center and its staff. (Objections at 2). Despite the confusion over the meaning of the phrase "on hold," the claims against Defendant Judge O'Brien are, as the Magistrate Judge found, barred by the judicial immunity doctrine pursuant to 42 U.S.C. § 1984. (Report at 4).

Further, Plaintiff in reiterating his claims against the remaining Defendant Sgt. Lewis, argues that there was a blatant disregard for the grievance procedures.

However, as the Magistrate Judge found, it is well-settled that alleged violations of SCDC inmate policies do not constitute due process violations actionable under § 1983. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Accordingly, Plaintiff's objections are without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Plaintiff's objections are without merit. Accordingly, the court adopts the Report and incorporates it herein. It is therefore **ORDERED** that the Plaintiff's Complaint is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

March 26, 2013
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.